Donald J. Winder (#3519)
Jerald V. Hale (#8466)
**WINDER & COUNSEL, P.C.**
175 West 200 South, Suite 4000
P.O. Box 2668
Salt Lake City, Utah 84110-2668
Telephone: (801) 322-2222
Facsimile: (801) 322-2282

Richard D. Burbidge (#0492)
**BURBIDGE & MITCHELL**
215 South State Street, Suite 920
Salt Lake City, Utah 84111
Telephone: (801) 355-6677
Facsimile: (801) 355-2341

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF COLUMBIA

| | |
|---|---|
| LAYNE MORRIS, an individual; TABITHA SPEER, in her own right; TABITHA SPEER, as Executrix of the ESTATE OF CHRISTOPHER SPEER; and TABITHA SPEER on behalf of her minor children TARYN SPEER and TANNER SPEER,<br><br>Plaintiffs,<br><br>v.<br><br>AHMAD SA'ID KHADR, an individual, a.k.a AHMAD SAID KHADR, a.k.a. AHMED SAID KHADR, a.k.a. AL-KANADI, a.k.a. ABU ABD AL-RAHMAN,<br><br>Defendant. | **RESPONSE TO REQUEST FOR EXTENSION OF TIME TO RESPOND**<br><br>Civil No.: 1:06MS00481(RCL)<br><br>Judge: Royce C. Lamberth |

COMES NOW, Plaintiffs Layne Morris and Tabitha Speer, by and through undersigned counsel, Winder & Counsel, P.C., hereby responds to the United States Attorney's request, on behalf of the Office of Foreign Asset Control, for an extension of time to file an objection to Plaintiffs' pending Motion for a Writ of Execution.

**RECEIVED**
DEC 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## **ARGUMENT**

As the State's Attorney's Request correctly states, Plaintiffs recognize that due to a clerical error his office only recently received the notice of this Court's pending issuance of a Writ of Execution. For this reason, Plaintiffs cannot in good conscience *object* to an extension of time. That being said, Plaintiffs do not believe an extension is necessary based on previous communications with the Office of Foreign Asset Control in this matter.

Plaintiffs obtained a judgment in this matter almost two years ago. After numerous attempts to gain information about, and access to, funds frozen by the government belonging to Defendant Khadr, and only after the intervention of Senator Orrin Hatch, Plaintiffs received a response from Adam Szubin, the director of the Office of Foreign Asset Control ("OFAC"). A copy of this letter has been provided to the Court in previous memoranda. In the letter, Mr. Szubin stated the Terrorism Risk Insurance Act of 2002 ("TRIA") permits a plaintiff who "has obtained a judgment against a terrorist party on a claim based upon an act of terrorism" to attach the blocked assets of the terrorist party. Once the court determined that the Plaintiffs' claims were subject to TRIA, funds could be distributed without license from OFAC.

In response to the stated position of OFAC, Plaintiffs filed a Motion with the District Court in the Central District of Utah requesting the court to make a determination as to whether the claims in this matter were based on acts of terrorism and therefore subject to TRIA. On June 13, 2007 Judge Cassell issued a ruling finding that Plaintiffs' claims, in full, were based on acts of terrorism, and consequently subject to TRIA. Based on this ruling Plaintiffs simultaneously filed for Writs of Execution in the District Court of Utah and this Court, where the judgment had

been domesticated. The purpose of this was to provide a means to access the funds held by the OFAC.

On October 5, 2007, Judge Cassell issued the Order granting the Writ out of the Utah District Court. This Court issued an Order indicating that it would also issue a Writ if the Court did not receive an objection from OFAC. Because OFAC has already indicated that the funds would be available if they were found to be subject to TRIA, it does not appear that there is any basis for OFAC to raise any objections to the issuance of a Writ by this Court. For these reasons, an extension would serve no purpose other than preventing Plaintiffs, who have waited years, to access funds that are possibly held by OFAC. These funds could then go to paying the judgment against the Defendant, and allow the Plaintiffs some measure of closure. For these reasons, Plaintiffs request that this Court rule on the pending motion with all deliberate speed and issue the requested Writ of Execution.

## CONCLUSION

Based on the foregoing, Plaintiffs request this court rule on the pending Motion for Writ of Execution without unnecessary delay.

DATED this 18th day of December 2007.

WINDER & COUNSEL, P.C.

_____
DONALD J. WINDER
JERALD V. HALE
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18 day of December, 2007, I caused a true and correct copy of the foregoing RESPONSE TO REQUEST FOR EXTENSION OF TIME TO RESPOND to be served via U.S. Mail, postage prepaid to the following:

> Jeffrey A. Taylor
> Rudolph Contreras
> Brian P. Hudak
> United States Attorney's Office
> Civil Division
> 555 4th Street, N.W.
> Washington, DC 20001

_/s/_