IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF COLUMBIA

| | |
|---|---|
| LAYNE MORRIS, an individual; TABITHA SPEER, in her own right; TABITHA SPEER, as Executrix of the ESTATE OF CHRISTOPHER SPEER; and TABITHA SPEER on behalf of her minor children TARYN SPEER and TANNER SPEER,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>AHMAD SA'ID KHADR, an individual, a.k.a AHMAD SAID KHADR, a.k.a. AHMED SAID KHADR, a.k.a. AL-KANADI, a.k.a. ABU ABD AL-RAHMAN,<br><br>　　　　　Defendant. | REPLY TO MEMORANDUM IN OPPOSITION TO PLAINTIFFS' FOR WRIT OF EXECUTION<br><br><br><br>Civil No.: 1:06-MC-481<br><br><br><br>Judge: Royce Lamberth |

Plaintiffs, by and through undersigned counsel, hereby respond to the United States' Memorandum in Opposition to Plaintiffs' Motion for Writ of Execution.

**I.   THIS COURT SHOULD ISSUE THE REQUESTED WRIT FOR ASSETS BLOCKED, BUT NOT HELD, BY OFAC.**

The 107th Congress enacted as part of the Terrorism Risk Insurance Act of 2002 ("TRIA") (P.L. 107-297) a provision that overrode long-standing Administration objections and allows blocked assets of terrorists to be used to pay the compensatory damages of court judgments against such terrorists. The clear intent was to require funds blocked by the United States Government, and therefore in control of such funds, to be released to victims and their families. However, by refusing to allow plaintiffs to rely on writs to facilitate the locating and release of these funds, the United States continues to thwart the intent of Congress to allow victims of terrorist actions proper relief.

Plaintiffs acknowledge the precedents set by this Court in *Flatow v. The Islamic Republic of Iran*, 74 F. Supp. 2d 18 (D.D.C. 1999), and *Weinstein v. The Islamic Republic of Iran*, 274 F.Supp. 2d 53 (D.D.C. 2003). Specifically, "if the property sought to be attached by plaintiffs is property that (1) has been seized by the United States from a terrorist party and (2) is presently held by the United States, it cannot be attached by [a writ]." *Weinstein*, 274 F. Supp. 2d at 58. The United States admits in its Memorandum that the assets of the Defendant in this matter, Ahmad Sa'id Khadr, are blocked. *See* United States' Memorandum at pp. 3-4. However, the United States' Memorandum does not say the funds are presently held by the United States. To the contrary, the United States implies that the assets are held by other parties and merely under the "jurisdiction of [OFAC's] regulatory authority." *Id*. at p. 9. As the holding in *Weinstein* makes clear, a writ served on the United States may be appropriate to the extent is seeks to attach funds held by parties other than the United States. *See Weinstein*, 274 F.Supp. 2d at 62 ("the motion of the United States to quash plaintiff's writs of attachment be and is hereby DENIED as to the two Bank of America accounts . . .").

The United States argues for nine pages that a writ of attachment is inappropriate. However, the United States does not once indicate where the funds sought are located, or suggest a proper party for service of a writ. In doing so, the United States is creating a classic "Catch-22" for victims of terrorist actions — refusing to accept the jurisdiction of the writ while, at the same time, refusing to divulge where the funds sought may be located.

The OFAC is the entity with the knowledge of the whereabouts and control over these funds. All persons or financial institutions holding blocked property must report to the OFAC.

*See* 31 C.F.R. § 501.603.  OFAC does not publish a list of the location of specific blocked assets, and information on these accounts is available only through OFAC.  In addition, despite Director Szubin's statement that the funds could be "distributed without license from OFAC," even if a specific account were located by Plaintiffs, a financial institution would not be able to determine that blocked assets were subject to release pursuant to TRIA without further instruction from the OFAC.  As a result, a financial institution would still be required to submit an "Application for Release of Blocked Funds" to be able to determine whether or not a license was required prior to complying with the court order.  A copy of the Application is attached for reference as Exhibit "A" and incorporated by reference.

The only option available to the Plaintiffs in seeking to attach these blocked assets is to require the OFAC to identify and make available the blocked assets of the Defendant.  The United States notes TRIA "creates rights against the terrorist party by permitting the victims of a terrorist act to attach blocked assets of the terrorist party."  *See* United States' Memorandum at p. 9.  Plaintiffs agree, and that is exactly what is sought through a Writ of Attachment.  OFAC has the information as to where these assets are held, and the authority to instruct the holder of the assets to release the assets, without license, in satisfaction of the judgment of this matter.  Pursuant to the *Weinstein* precedence, this Court should issue the requested Writ as to funds that are blocked, but not held, by the OFAC.[1]  In the alternative, this Court should order the OFAC to

---

[1] Plaintiffs simultaneously filed motions for writs of attachment in this District as well as the District of Utah, where the judgment originated.  As was done in this Court, the Utah District Court gave the United States an opportunity to respond to the Motion.  In Utah, however, the United States Attorney did not respond, and the Writ issued.  The Utah Writ was sent out for service on December 13, 2007 and served upon OFAC on January 10, 2008.  Plaintiffs recognize that the Court's ruling in this matter will apply to both Writs.

identify specific blocked assets of the Defendant and the location of the assets to comply with the plain language and intent of TRIA and allow Plaintiffs receive proper compensation pursuant to the outstanding judgment in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their *Ex Parte* Motion and issue a Writ of Execution attaching the Judgment to Defendant Ahmad Sa'id Khadr's assets blocked by the U.S. Office of Foreign Assets Control.

RESPECTFULLY SUBMITTED this 31st day of January 2008,

    /s/ Timothy B. Fleming
Timothy B. Fleming (D.C. Bar 351114)
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.L.L.C.**
2031 Florida Avenue, N.W.
Suite 300
Washington, D.C. 20009

| | |
|---|---|
| Donald J. Winder (#3519) | Richard D. Burbidge (#0492) |
| Jerald V. Hale (#8466) | **BURBIDGE & MITCHELL** |
| **WINDER & HASLAM, P.C.** | 215 South State Street, Suite 920 |
| 175 West 200 South, Suite 4000 | Salt Lake City, Utah 84111 |
| P.O. Box 2668 | Telephone: (801) 355-6677 |
| Salt Lake City, Utah 84110-2668 | Facsimile: (801) 355-2341 |
| Telephone: (801) 322-2222 | |
| Facsimile: (801) 322-2282 | |

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2006, a copy of the foregoing REPLY TO MEMORANDUM IN OPPOSITION TO PLAINTIFFS' FOR WRIT OF EXECUTION was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, as follows:

>Jeffrey A. Taylor
>Vincent M. Garvey
>Eric J. Beane
>United States Attorney's Office
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., N.W., Room 7124
>Washington, DC 20001

.

>By:   / s/ Timothy B. Fleming                .
>       *Attorney for Plaintiffs*

U.S. DEPARTMENT OF THE TREASURY

OFFICE OF FOREIGN ASSETS CONTROL

APPLICATION FOR THE RELEASE OF BLOCKED FUNDS

(WHEN APPROVED, THIS DOCUMENT BECOMES A SPECIFIC LICENSE AUTHORIZING THE UNBLOCKING OF THE SUBJECT FUNDS AND THEIR RELEASE ACCORDING TO THE TERMS HEREOF)

DO NOT WRITE IN THIS BOX – LICENSE APPROVAL ONLY VALID WITH OFAC SEAL

THIS APPLICATION IS HEREBY:         FAC/LICENSE NO._____

☐ APPROVED, AND FUNDS MAY BE UNBLOCKED AND RELEASED, WITH VALUE:
    ☐ TO ORIGINATOR OR ORIGINATING BANK
    ☐ IN ACCORDANCE WITH ORIGINAL PAYMENT INSTRUCTIONS

☐ DENIED (SEE ATTACHED EXPLANATION)

☐ RETURNED WITHOUT ACTION (SEE ATTACHED CHECKLIST)

**TYPE OF REQUEST** [CHECK APPROPRIATE BOX]
☐ LICENSE APPLICATION
☐ REQUEST FOR RECONSIDERATION [PROVIDE FAC NO. OF PREVIOUS AGENCY ACTION (IF KNOWN)]: _____

**APPLICANT INFORMATION**

| APPLICANT | ADDRESS LINE 1 | ADDRESS LINE 2 |
|---|---|---|
| | | |

| CITY | STATE | CONTACT PERSON | TELEPHONE | FAX NUMBER |
|---|---|---|---|---|
| | | | | |

| POSTAL CODE | COUNTRY | SOCIAL SECURITY/TAXPAYER I.D. NO. (Required for US Persons) | E-MAIL ADDRESS |
|---|---|---|---|
| | | | |

**CORPORATIONS AND OTHER ENTITIES**

| PRINCIPAL PLACE OF BUSINESS | STATE OF INCORPORATION OR ORGANIZATION | EMPLOYER IDENTIFICATION NUMBER |
|---|---|---|
| | | |

THE FOLLOWING INFORMATION, IF KNOWN, SHOULD BE PROVIDED CONCERNING THE BLOCKED FUNDS (USE PAGE 2 AS NEEDED)

| NAME & ADDRESS OF FINANCIAL INSTITUTION WHICH BLOCKED FUNDS | AMOUNT BLOCKED | DATE OF THE BLOCKING |
|---|---|---|
| | | |

| REMITTER NAME & ADDRESS | REMITTING FINANCIAL INSTITUTION NAME & ADDRESS |
|---|---|
| | |

| INTERMEDIARY FINANCIAL INSTITUTION(S) NAME & ADDRESS | BENEFICIARY FINANCIAL INSTITUTION NAME & ADDRESS |
|---|---|
| | |

| BENEFICIARY NAME & ADDRESS | DESCRIPTION OF UNDERLYING TRANSACTION (ATTACH SEPARATE SHEET AS NEEDED) |
|---|---|
| | |

APPLICATION CERTIFICATION: I, THE UNDERSIGNED, HEREBY DECLARE THAT, TO THE BEST OF MY KNOWLEDGE, THE INFORMATION PROVIDED ON THIS APPLICATION AND ANY ACCOMPANYING DOCUMENTATION IS TRUTHFUL AND COMPLETE.

| SIGNATURE | NAME OF SIGNER | TITLE OF SIGNER | DATE PREPARED |
|---|---|---|---|
| | | | |

ADDITIONAL COPIES OF THIS FORM MAY BE OBTAINED FROM OFAC'S WEBSITE AT NO CHARGE: <http://www.treas.gov/ofac>

PAGE 3

**INSTRUCTIONS:**

WHERE FUNDS HAVE BEEN BLOCKED AT A U.S. FINANCIAL INSTITUTION DUE TO U.S. GOVERNMENT SANCTIONS, A PARTY WITH AN INTEREST IN THE FUNDS MAY SUBMIT THIS APPLICATION TO THE OFFICE OF FOREIGN ASSETS CONTROL FOR A SPECIFIC LICENSE TO REQUEST THEIR RELEASE.

- TYPE OR PRINT CLEARLY, COMPLETING ALL APPLICABLE SECTIONS.

- ATTACH COPIES OF ANY DOCUMENTS RELATED TO THE UNDERLYING TRANSACTION (E.G., INVOICES, BILLS OF LADING, PHOTOCOPY OF THE ORIGINAL PAYMENT OR TRANSFER INSTRUCTIONS, ETC.).

- ALL DOCUMENTS MUST BE IN ENGLISH OR INCLUDE AN ENGLISH TRANSLATION.

- FAILURE TO PROVIDE ADEQUATE INFORMATION MAY RESULT IN YOUR APPLICATION BEING RETURNED WITHOUT ACTION.

- MAIL THE COMPLETED AND SIGNED APPLICATION, TOGETHER WITH ACCOMPANYING DOCUMENTATION AND TWO COPIES OF THE ENTIRE SUBMISSION, TO THE OFFICE OF FOREIGN ASSETS CONTROL, 1500 PENNSYLVANIA AVENUE, NW-ANNEX, WASHINGTON, D.C. 20220, ATTN: BLOCKED FUNDS APPLICATION

- APPLICATIONS WILL NOT BE ACCEPTED BY FAX.

- UNLESS OTHERWISE PROVIDED, A COPY OF THIS APPLICATION AND ALL RELATED DOCUMENTATION MUST BE RETAINED BY THE APPLICANT FOR AT LEAST FIVE YEARS AFTER THE DATE OF THE UNDERLYING TRANSACTION.

- UNLESS AUTHORIZED BY OFAC, APPLICATIONS MADE BY ANY OTHER METHOD WILL NOT BE CONSIDERED.

**TERMS AND CONDITIONS:**

- GRANTED UNDER THE AUTHORITY OF 50 U.S.C. APP. § 5(B), 22 U.S.C § 2370(A), 22 U.S.C. § 6001, AND 31CFR. PARTS 501, AND THE RELEVANT PART OF 31 CFR PERTAINING TO THE LICENSE

- AN APPLICATION THAT HAS BEEN APPROVED, SIGNED BY THE AUTHORIZING OFAC OFFICIAL, AND IMPRESSED WITH AN OFFICIAL OFAC SEAL IS A SPECIFIC LICENSE.

- LICENSEES SHALL FURNISH AND MAKE AVAILABLE FOR INSPECTION ANY RELEVANT INFORMATION, RECORDS OR REPORTS REQUESTED BY THE SECRETARY OF THE TREASURY OR ANY DULY AUTHORIZED OFFICER OR AGENCY OF THE SECRETARY.

- A SPECIFIC LICENSE IS NOT TRANSFERABLE, IS NON-PRECEDENTIAL AND IS SUBJECT TO THE PROVISIONS OF 31CFR PART 501, THE RELEVANT PART OF 31CFR (PART 500, 515, 535, 536, 538, 550, 575, 585, 586, 595, 597) PERTAINING TO THE SANCTIONS PROGRAM UNDER WHICH THE TRANSFER WAS BLOCKED AND ANY REGULATIONS OR RULINGS ISSUED PURSUANT THERETO; A LICENSE MAY BE REVOKED OR MODIFIED AT ANY TIME AT THE DISCRETION OF THE SECRETARY OF THE TREASURY ACTING DIRECTLY OR THROUGH THE AGENCY THROUGH WHICH THE LICENSE WAS ISSUED, OR ANY OTHER AGENCY DESIGNATED BY THE SECRETARY OF THE TREASURY. IF A SPECIFIC LICENSE WAS ISSUED AS A RESULT OF WILLFUL MISREPRESENTATION ON THE PART OF THE APPLICANT OR HIS AGENT, IT MAY, AT THE DISCRETION OF THE SECRETARY OF THE TREASURY, BE DECLARED VOID FROM THE DATE OF ITS ISSUANCE, OR FROM ANY OTHER DATE.

- A SPECIFIC LICENSE DOES NOT EXCUSE COMPLIANCE WITH ANY LAW OR REGULATION ADMINISTERED BY THE OFFICE OF FOREIGN ASSETS CONTROL OR ANOTHER AGENCY (INCLUDING REPORTING REQUIREMENTS) APPLICABLE TO THE TRANSACTIONS AND ACTIVITIES THEREIN LICENSED, NOR DOES IT RELEASE THE LICENSEES OR THIRD PARTIES FROM CIVIL OR CRIMINAL LIABILITY FOR VIOLATION OF ANY LAW OR REGULATION.

- A SPECIFIC LICENSE IS ISSUED BY DIRECTION AND ON BEHALF OF THE SECRETARY OF THE TREASURY.

- ATTENTION IS DIRECTED TO 19 U.S.C. §§ 1592 AND 1595A, 18 U.S.C. § 545, 18 U.S.C. § 1001, 50 U.S.C. APP. § 16, AND SECTION 701 *ET SEQ* (PENALTIES) OF THE RELEVANT PART OF 31CFR. PERTAINING TO THE ATTACHED LICENSE.

**WARNING!**

**MAKING FALSE OR MISLEADING STATEMENTS ON OR IN CONNECTION WITH THIS APPLICATION, ALTERING THE DETERMINATION, OR FORGING THE SIGNATURE OF THE AUTHORIZING OFFICIAL OR THE OFAC SEAL MAY CONSTITUTE SERIOUS CRIMINAL AND/OR CIVIL VIOLATIONS OF FEDERAL LAW AND MAY RESULT IN SUBSTANTIAL FINES**

PAPERWORK REDUCTION ACT STATEMENT: The paperwork requirement has been cleared under the Paperwork Reduction Act of 1985. The Office of Foreign Assets Control (OFAC) of the Department of the Treasury requires this information to be furnished pursuant to 31 CFR Part 501. The information collected will be used for U.S. Government to evaluate and process license applications submitted by applicants whose money has been blocked pursuant to OFAC sanctions. It is the policy of OFAC to protect the confidentiality of information in appropriate cases pursuant to the exemptions from disclosure provided under the Freedom of Information Act and the Privacy Act. The estimated burden associated with this collection of information is 30 minutes per respondent. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to the Compliance Programs Division, Office of Foreign Assets Control, Department of the Treasury, 1500 Pennsylvania Ave., N.W., Washington, D.C. 20220 and the Office of Management and Budget, Paperwork Reduction Project (OMB NUMBER WILL BE INSERTED HERE), Washington, D.C. 20503. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number assigned by OMB.

Form Approved
OMB No.: 1505-0170
Expiration Date: 06/30/2009

4